EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* TOMÁS LÓPEZ DE VICTORIA, RICARDO DÍAZ DÍAZ, JUAN JACA HERNÁNDEZ, RICARDO DÍAZ, JR., ISMAEL DÍAZ MATOS, LEONIDES DÍAZ DÍAZ y MONSERRATE DEL VALLE, acusados y apelantes.

Número 15523.

*Sometido:* 1 de febrero de 1954. *Resuelto:* 31 de enero de 1955.

*F. Hernández Vargas* y *J. Hernández Vallé,* abogados de los apelantes; *Hon. Secretario de Justicia Interino Juan B. Fernández Badillo* y *Rafael L. Ydrach Yordán, Fiscal Auxiliar, Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR BELAVAL emitió la opinión del Tribunal.

El señor Fiscal Especial de la Sección de Arecibo del Tribunal de Distrito de Puerto Rico, formuló contra don Tomás López de Victoria, don Ricardo Díaz Díaz, don Juan Jaca Hernández, don Ricardo Díaz, hijo, don Ismael Díaz Matos, don Leonides Díaz Díaz y doña Monserrate del Valle una acusación por una infracción a la Ley núm. 53 de 10 de junio de 1948 ((2) pág. 171), cometida de la manera siguiente:

"Los referidos acusados Tomás López de Victoria, Ricardo Díaz Díaz, Juan Jaca Hernández, Ricardo Díaz, Jr., Ismael Díaz Matos, Leonides Díaz Díaz y Monserrate del Valle, con anterioridad a la presentación de esta acusación, o sea, en o alrededor del mes de octubre de 1950 y en la Mu-

nicipalidad de Arecibo, Puerto Rico, dentro del distrito judicial de Puerto Rico, ilegal, maliciosa, criminal y voluntariamente y a sabiendas, siendo líderes y miembros activos de la agrupación denominada 'Partido Nacionalista de Puerto Rico' dirigida y compuesta por personas que fomentaban, abogaban, aconsejaban y predicaban y fomentan, abogan, aconsejan y predican el derrocamiento, la paralización y la destrucción del Gobierno Insular de Puerto Rico y de sus subdivisiones políticas por medio de la fuerza y de la violencia, allí y entonces los referidos acusados Tomás López de Victoria, Ricardo Díaz Díaz, Juan Jaca Hernández, Ricardo Díaz, Jr., Ismael Díaz Matos, Leonides Díaz Díaz y Monserrate del Valle fomentaron, abogaron, aconsejaron y predicaron la necesidad, deseabilidad y conveniencia de derrocar, paralizar y destruir el Gobierno Insular de Puerto Rico y sus subdivisiones políticas por medio de la fuerza y de la violencia, así como también organizaron y ayudaron a organizar un grupo de personas que fomentaban, abogaban, aconsejaban y predicaban el derrocamiento y la destrucción del Gobierno Insular de Puerto Rico y de las subdivisiones políticas de éste por medio de la fuerza y de la violencia al organizar y reunir a Rafael Molina Centeno, Manolín Mena, Gilberto Rivera c/p Garata, Luis M. O'Neill, Bernardo Díaz, Israel Crespo, Gilberto Rivera, José Cerpa, Justo Guzmán, Manolín Méndez Gandía, Hipólito Miranda, Guillermo Hernández Vega y varias personas más a quienes instaron, aconsejaron y predicaron la necesidad, deseabilidad y conveniencia de derrocar, paralizar y destruir el Gobierno Insular de Puerto Rico y sus sudvisiones políticas por medio de la fuerza y de la violencia, al mismo tiempo que se proveyeron y proveyeron a dichas personas de armas de fuego, bombas y otros artefactos y se ejercitaron unos y otros en el uso de armas de fuego, todo ello como parte de un movimiento separatista impulsado por los aquí acusados Tomás López de Victoria, Ricardo Díaz Díaz, Juan Jaca Hernández, Ricardo Díaz, Jr.,

Ismael Díaz Matos, Leonides Díaz Díaz y Monserrate del Valle y los mencionados Rafael Molina Centeno, Manolín Mena, Gilberto Rivera c/p Garata, Luis M. O'neill, Bernardo Díaz, Israel Crespo, Gilberto Rivera, José Cerpa, Justo Guzmán, Manolín Méndez Gandía, Hipólito Miranda, Guillermo Hernández Vega y otras personas, pertenecientes tódas a la llamada agrupación 'Partido Nacionalista de Puerto Rico', encaminado dicho movimiento a conseguir la separación de Puerto Rico de los Estados Unidos por medio de la fuerza y de la violencia, para participar como participaron en la revuelta en que culminó, el día 30 de octubre de 1950, el referido movimiento separatista."

Se celebró la vista en este caso y el jurado del Tribunal de Distrito de Puerto Rico, Sección de Arecibo, declaró culpables a todos los acusados, menos a la señora Monserrate del Valle. En virtud de dicho veredicto, el Tribunal de Distrito de Puerto Rico, Sección de Arecibo, procedió a condenar a los acusados y apelantes a una pena de dos a diez años de presidio, con trabajos forzados, sin costas. No estando conformes con dicha sentencia, los acusados y apelantes apelaron de la misma ante este Tribunal. Después de radicar el legajo de la sentencia, que sólo consta de los siguientes documentos: (1) acusación, (2) moción de El Pueblo de Puerto Rico sobre inclusión de testigos, (3) veredicto del jurado, (4) sentencia y (5) escrito de apelación, el abogado de los acusados y apelantes sometió el caso mediante el siguiente escrito: "que únicamente se proponen cuestionar la Ley número 53 de junio 10 de 1948, cuya infracción aquí se le imputa, y en vista de ello, señalan los mismos errores señalados por los acusados y apelantes Rafael A. Burgos Fuentes y Eduardo López Vázquez en el caso seguido contra ellos, sometido ya a la resolución de esta Superioridad, procedente de la Sección de Guayama del Tribunal Superior de Puerto Rico, por alegada infracción de la misma Ley, números 15,299 y 15,300 de este Honorable Tribunal... que es su deseo dejar

sometido su caso a la resolución de esta honorable Corte ·con los mismos argumentos, escritos y orales, aducidos por dichos apelantes en el caso antes relacionado."

El único error en el caso criminal número 15,299, El Pueblo de Puerto Rico v. Rafael A. Burgos Fuentes por infracción a la Ley número 53 de 10 de junio de 1948, fué el siguiente:

"1.—*La Ley número 53 de 10 de junio de 1948 es inexistente en derecho.*

"2.—La Ley número 53 de 10 de junio de 1948 es anticonstitucional; siendo inconstitucional por sí mismo, independientemente del resto de dicha Ley, el inciso tercero del artículo primero de la misma.

"3.—La Ley número 53 de 10 de junio de 1948 es inaplicable al caso de los acusados-apelantes, careciendo de jurisdicción los tribunales insulares.

"4.—El delito concebido en la Ley número 53 de 10 de junio de 1948, es de naturaleza continua; todos los actos alegadamente realizados en contravención de dicha Ley constituyen una sola transacción y un sólo delito; y ya los acusados fueron juzgados y convictos ante la Sección de San Juan del mismo Tribunal de Distrito de Puerto Rico, por el mismo alegado delito; (*Jeopardy*)."

En cuanto al caso núm. 15,300, El Pueblo de Puerto Rico v. Eduardo López Vázquez, el mismo quedó consolidado con el caso de Burgos, para los efectos de la apelación ante nos, a solicitud del propio acusado y apelante. En virtud de nuestra opinión rendida en el caso de *Burgos*, 75 D.P.R. 551, rechazamos las tres primeras cuestiones de derecho contenidas en el señalamiento de error. Estuvimos conformes con que el delito concebido por la Ley núm. 53 de 10 de junio ·de 1948, es uno de naturaleza continua y declaramos absuelto al acusado por haber sido juzgado y convicto por el mismo delito por el Tribunal de Distrito de Puerto Rico, Sección de

San Juan.    Empero en este caso, no se nos ha demostrado que dicha alegación de segunda exposición por el mismo delito, estuviera ante el Tribunal de Distrito de Puerto Rico, Sección de Aguadilla, ni existe noticia alguna en el legajo de sentencia que se ha radicado en este caso, que el acusado y apelante haya sido condenado anteriormente por el mismo delito por cualquiera sección del anterior Tribunal de Distrito de Puerto Rico.

*Siendo esto así procede confirmar la sentencia apelada.*